[No. H003764. Sixth Dist. June 30, 1989.]

CITY OF MORGAN HILL, Plaintiff and Respondent.
CARMELLA ALBERTI et al., Defendants and Appellants.

COUNSEL

Marc G. Hynes for Plaintiff and Respondent.

Douglas B. Allen, Jeffrey W. Rickard and Burnett, Burnett & Allen for Defendants and Appellants.

OPINION

ELIA, J.—Appellants Carmella Alberti and Carol Moniz appeal an order of immediate possession entered pursuant to the so-called "quick take" provisions of the Eminent Domain Law. We conclude that the order is not appealable and dismiss.

### FACTS AND PROCEDURAL BACKGROUND

On October 22, 1987, respondent City of Morgan Hill filed its complaint seeking to condemn a portion of appellants' property. On the same date, respondent invoked the "quick-take" provision set out in Code of Civil Procedure[1] section 1255.410. That procedure permits a condemning agency to obtain possession of condemned property prior to trial and judgment by filing an ex parte application for an order of immediate possession. (Code Civ. Proc., § 1255.410.) The trial court granted the request for immediate possession by order dated October 22, 1987.

Appellants objected to the order and to the city's resolution of necessity which the City tendered in support of its request for immediate possession. Appellants requested an evidentiary hearing to determine whether the proposed "quick take" and resolution of necessity complied with the requirements of section 1240.030. On October 26, 1987, after hearing arguments from both parties, the trial court asked appellants to submit additional papers and affidavits in support of their request for an evidentiary hearing.

---

[1] All further references are to the Code of Civil Procedure.

On November 5, 1987, the trial court issued its decision. The court, treating appellants' papers as a section 1255.430 application to stay the order of possession, denied the application and granted respondent's request for immediate possession of the property. However, the court did stay execution of its order until November 9 to permit appellants to seek review.

On November 6, 1987, appellants filed a notice of appeal from the November 5 order. On November 9, 1987, appellants filed a writ of mandate with this court seeking review of the November 5 order. We stayed the order of immediate possession and requested points and authorities from the parties. On November 25, we denied the petition for writ of mandate and dissolved the temporary stay. Appellants' petition for review was denied by our Supreme Court.

## DISCUSSION

The present appeal is from the November 5 order entered pursuant to section 1255.410. The threshold issue we face is whether that order is appealable. As we shall explain below, we conclude that it is not.

California's "quick-take" law permits an order of possession upon a deposit of estimated value. (Code Civ. Proc., § 1255.410; *Redevelopment Agency* v. *Gilmore* (1985) 38 Cal.3d 790, 800 [214 Cal.Rptr. 904, 700 P.2d 794].) Relief from an order of immediate possession is authorized by sections 1255.420 and 1255.430. (See Legis. Comm. com., Deering's Ann. Code Civ. Proc., § 1255.410.) Section 1255.420 permits the trial court to stay the date of possession upon hardship grounds. Section 1255.430 authorizes a stay while the condemnee litigates a potentially meritorious claim that the public agency does not have the right to take the property. (*Redevelopment Agency* v. *Gilmore, supra,* 38 Cal.3d at p. 800.) Although sections 1255.420 and 1255.430 permit the trial court to grant relief from an order of immediate possession, the "quick-take" order is not appealable. This is evident from the Legislative Committee Comments to section 1255.410 which state: "Under former statutes, judicial decision held that an appeal may not be taken from an order authorizing or denying possession prior to judgment. Mandamus, prohibition, or certiorari was held to be the appropriate remedy. [Citations omitted.] However, an order for possession following entry of judgment has been held to be an appealable order. [Citation omitted.] *No change is made in these rules as to orders made under Section 1255.410 . . .*" (Italics added.) Moreover, a section 1255.410 order is not within the category of orders made appealable by section 904.1.

Section 1245.255, subdivision (a), which provides for limited judicial review of the validity of a resolution of necessity, does not help appellants.

It states that judicial review may be obtained "(1) Before the commencement of the eminent domain proceeding, by petition for a writ of mandate pursuant to Section 1085. The court having jurisdiction of the writ of mandate action, upon motion of any party, shall order the writ of mandate action dismissed without prejudice upon commencement of the eminent domain proceeding unless the court determines that dismissal will not be in the interest of justice. [¶] (2) After the commencement of the eminent domain proceeding, by objection to the right to take pursuant to this title." Thus, judicial review of the resolution of necessity is available by asserting a defense to the eminent domain proceeding or by filing a petition for writ of mandate. (See *Anaheim Redevelopment Agency* v. *Dusek* (1987) 193 Cal.App.3d 249, 253, fn. 3 [239 Cal.Rptr. 319]; *Huntington Park Redevelopment Agency* v. *Duncan* (1983) 142 Cal.App.3d 17, 25-26 [190 Cal.Rptr. 744], cert. denied 464 U.S. 895 [78 L.Ed.2d 232, 104 S.Ct. 243].)

In this case, the trial court treated appellants' objections to the "quick take" and resolution of necessity as a request to stay the order of immediate possession pursuant to section 1255.430. Thus, appellants, in essence, availed themselves of the section 1255.430 remedy. In addition, appellants filed a writ of mandate to review the November 5 order. Accordingly, it is clear that appellants have had several opportunities to challenge the order of immediate possession. They may not now seek review of the order by appeal. As the foregoing discussion demonstrates, an order entered pursuant to section 1255.410 is not appealable.

The appeal is dismissed.

Capaccioli, Acting P. J., and Premo, J., concurred.